UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
_____

ANGELINA SZABO, Individually, and on
Behalf of others similarly situated,                            **ANSWER**

                          Plaintiff,

      -against-

TOUGHER INDUSTRIES, INC.,                          Civil Action No.: 06-CV-4001
COMPANY,                                           (Conner)

                          Defendant.
_____

           Defendant, Tougher Industries, Inc. ("Tougher"), by its attorneys, Couch

White, LLP, as and for its Answer to the Complaint of plaintiff Angelina Szabo,

Individually, and on Behalf of others similarly situated, alleges as follows:

           1.    With respect to the allegations contained in paragraphs "1" and "6" of

the Complaint, affirmatively alleges that the statements contained therein constitute the

Plaintiff's characterization of the proceeding and require no response; however, to the extent

that the allegations contained in these paragraphs as factual, Tougher denies each and every

allegation contained therein.

           2.    With respect to the allegations contained in paragraphs "2" and "3" of

the Complaint, since said paragraphs contain statements with respect to jurisdiction and

venue, no response is necessary; however, to the extent that the allegations contained in these

paragraphs are construed as factual, Tougher denies each and every allegation contained

therein.

3.      Denies knowledge or information sufficient to form a belief as to the truth of each and every allegation contained in paragraph "4" of the Complaint.

4.      Admits the allegations contained in paragraph "5" of the Complaint.

5.       Denies knowledge or information sufficient to form a belief as to the truth of each and every allegation contained in paragraph "7" of the Complaint.

6.      Denies the allegations contained in paragraph "8" of the Complaint.

7.      Denies the allegations contained in paragraph "9" of the Complaint.

8.      Denies knowledge or information sufficient to form a belief as to the truth of each and every allegation contained in paragraph "10" of the Complaint.

9.      Admits the allegations contained in paragraph "11" of the Complaint.

10.      Denies knowledge or information sufficient to form a belief as to the truth of each and every allegation contained in paragraph "12" of the Complaint.

11.      Admits the allegations contained in paragraph "13" of the Complaint.

12.      Denies knowledge or information sufficient to form a belief as to the truth of each and every allegation contained in paragraph "14" of the Complaint.

13.      Denies knowledge or information sufficient to form a belief as to the truth of each and every allegation contained in paragraph "15" of the Complaint.

## AS TO COUNT I

14.      In response to the allegations contained in paragraph "16" of the Complaint, repeats and realleges its prior responses to the allegations set forth in paragraphs "1" through "15" of the Complaint as if set forth at length herein.

15.      As to the allegations contained in paragraph "17" of the Complaint, affirmatively alleges that they set forth conclusions of law which Defendant is neither

2

required to admit nor deny; however, to the extent that the allegations contained in that paragraph are construed as factual, Tougher denies each and every allegation contained therein.

16.     Denies each and every allegation contained in paragraph "18" of the Complaint.

## AS TO COUNT II

17.     In response to the allegations contained in paragraph "19" of the Complaint, repeats and realleges its prior responses to the allegations set forth in paragraphs "1" through "18" of the Complaint as if set forth at length herein.

18.     Denies each and every allegation contained in paragraph "20" of the Complaint.

### AS AND FOR A FIRST, COMPLETE AND SEPARATE
### AFFIRMATIVE DEFENSE, DEFENDANT ALLEGES:

19.     The Complaint fails to state a claim upon which relief can be granted.

### AS AND FOR A SECOND, COMPLETE AND SEPARATE
### AFFIRMATIVE DEFENSE, DEFENDANT ALLEGES:

20.     Plaintiff and/or the putative class members' employment with Defendant was exempt from the overtime provisions of the Fair Labor Standards Act ("FLSA"), 20. U.S.C. § 207, pursuant to the exemptions set forth in the FLSA, 29 U.S.C § 213.

### AS AND FOR A THIRD, COMPLETE AND SEPARATE
### AFFIRMATIVE DEFENSE, DEFENDANT ALLEGES:

21.     Any acts or omissions on the part of Defendant with respect to Plaintiff and/or putative class members were based on sound business judgment, and made in good

faith and with reason to believe that such actions were justified, proper and supported by applicable law and the facts of this action.

22.    Plaintiff is therefore not entitled to recover liquidated damages under either the FLSA of the New York State Labor Law .

### AS AND FOR A FOURTH, COMPLETE AND SEPARATE AFFIRMATIVE DEFENSE, DEFENDANT ALLEGES:

23.    Plaintiff is not entitled to recover reasonable attorneys' fees against Defendant for the claims alleged in the Complaint under the provisions of the FLSA.

### AS AND FOR A FIFTH, COMPLETE AND SEPARATE AFFIRMATIVE DEFENSE, DEFENDANT ALLEGES:

24.    Plaintiff's New York Labor Law claims are preempted by the provisions of federal law, including but not limited to the provisions of 49 U.S.C. § 31502.

### AS AND FOR A SIXTH, COMPLETE AND SEPARATE AFFIRMATIVE DEFENSE, DEFENDANT ALLEGES:

25.    At all times relevant hereto, Plaintiff's weekly salary equaled or exceeded the product of the applicable New York Labor Law minimum hourly wage, times the sum of all hours actually worked plus one half of hours worked over 40 hours in a week.

26.    Plaintiff is therefore not entitled to any overtime pay under the NYSLL.

### AS AND FOR A SEVENTH, COMPLETE AND SEPARATE AFFIRMATIVE DEFENSE, DEFENDANT ALLEGES:

27.    The claims of Plaintiff and/or the putative class members are barred, in whole or in part, by the applicable statute of limitations.

**AS AND FOR AN EIGHTH, COMPLETE AND SEPARATE
AFFIRMATIVE DEFENSE, DEFENDANT ALLEGES:**

28.     Plaintiff's claims are barred, in whole or in part, by the doctrines of

waiver and collateral estoppel.

**AS AND FOR A NINTH, COMPLETE AND SEPARATE
AFFIRMATIVE DEFENSE, DEFENDANT ALLEGES:**

29.     The Court lacks jurisdiction of the subject matter of this action.

**AS AND FOR A TENTH, COMPLETE AND SEPARATE
AFFIRMATIVE DEFENSE, DEFENDANT ALLEGES:**

30.     Supplemental or pendant jurisdiction should not be exercised over any

of the claims alleged in the subject Complaint.

**AS AND FOR AN ELEVENTH, COMPLETE AND SEPARATE
AFFIRMATIVE DEFENSE, DEFENDANT ALLEGES:**

31.     Plaintiff and/or the putative class members were compensated at all

times  in accordance with federal and state law.

**AS AND FOR A TWELFTH, COMPLETE AND SEPARATE
AFFIRMATIVE DEFENSE, DEFENDANT ALLEGES:**

32.     Plaintiff may not proceed on behalf of any other person under the New

York Labor Law.

**AS AND FOR A THIRTEENTH, COMPLETE AND SEPARATE
AFFIRMATIVE DEFENSE, DEFENDANT ALLEGES:**

33.     Plaintiff and/or the putative class members are not similarly situated for

the case to proceed as a collective action under the FLSA.

### AS AND FOR A FOURTEENTH, COMPLETE AND SEPARATE
### AFFIRMATIVE DEFENSE, DEFENDANT ALLEGES:

34.     The Complaint is barred, in whole or in part, because Plaintiff failed to satisfy statutory and/or other prerequisites to proceed collectively under the FLSA.

### AS AND FOR A FIFTEENTH, COMPLETE AND SEPARATE
### AFFIRMATIVE DEFENSE, DEFENDANT ALLEGES:

35.     Prior to the commencement of this action, Defendant satisfied and discharged Plaintiff's alleged claim set forth in the Complaint by paying Plaintiff monies which Plaintiff accepted and fully compensated Plaintiff for all remuneration to which she was entitled.

### AS AND FOR A SIXTEENTH, COMPLETE AND SEPARATE
### AFFIRMATIVE DEFENSE, DEFENDANT ALLEGES:

36.     During her employment with Defendant, Plaintiff took a considerable amount of unauthorized leave.

37.     Upon information and belief, Plaintiff did not disclose unauthorized leave on his time records.

38.     Upon information and belief, the unauthorized leave consisted of numerous occasions when Plaintiff absented herself from the accounting department after arriving at Defendant's office.

39.     Upon information and belief, on many of those occasions, Plaintiff had left Defendant's premises on unauthorized leave.

40.     Upon information and belief, on numerous other occasions, Plaintiff absented herself from the accounting department by loafing, killing time and

otherwise engaging in non-work activities in parts of Defendant's premises that were unconnected to her job.

41.    During the times of her absence from the accounting department, Plaintiff performed no work for Defendant.

42.    Upon information and belief, Plaintiff would typically not show up in the accounting department until the late morning of each day, and not until then would she do actual work.

43.    Although her conduct regarding leave and time records contributed to her termination, her salary was not reduced for periods of unauthorized leave due to the fact that she was salaried.

44.    If it is determined that Plaintiff was not an exempt salaried employee, and is entitled to overtime hours for hours worked each week in excess of 40, Plaintiff's unauthorized leave should be taken into account in determining whether she worked in excess of 40 hours in any given week.

**AS AND FOR A SEVENTEENTH, COMPLETE AND SEPARATE
AFFIRMATIVE DEFENSE, DEFENDANT ALLEGES:**

45.    Plaintiff has failed to mitigate her damages.

**AS AND FOR AN EIGHTEENTH, COMPLETE AND SEPARATE
AFFIRMATIVE DEFENSE, DEFENDANT ALLEGES:**

46.    To the extent that Plaintiff and/or the putative class members were required to, any failure on the Plaintiff's and/or the putative class members' art to meet the criteria of exempt administrative, managerial and/or executive employee status, was the result of Plaintiffs and/or the putative class members' own exercise of discretion and

judgment concerning, among other things, the scheduling of time, the tasks to be performed by them, the needs of Defendant and/or their own personal preferences.

### AS AND FOR A NINETEENTH, COMPLETE AND SEPARATE AFFIRMATIVE DEFENSE, DEFENDANT ALLEGES:

47.     Plaintiff reserves the right to amend or supplement its affirmative defenses and assert counterclaims that may become known during the course of discovery or otherwise.

WHEREFORE, defendant Tougher Industries, Inc. demands judgment dismissing plaintiff Angelina Szabo's, Individually, and on behalf of others similarly situated, Complaint herein, together with such other and further relief as the Court may deem just and proper.

Dated:      Albany, New York
            August 2, 2006

                         COUCH WHITE, LLP

                         By:_____/s/ John J. Dowd_____
                             John J. Dowd, Esq. (JJD 6927)
                         Attorneys for Defendant
                         Tougher Industries, Inc.
                         540 Broadway, P.O. Box 22222
                         Albany, New York  12201-2222
                         (518) 426-4600

J:\DATA\Client\01408\Pleadings\Szabo Answer.doc